# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DOUGLAS WILLIAM ARNOLD,** | ) |
| Petitioner, | ) Case No. 7:21CV00417 |
| v. | ) **OPINION** |
| **HAROLD W. CLARKE,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Douglas William Arnold*, Pro Se Petitioner; *Lauren C. Campbell, Assistant Attorney General*, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.

Petitioner Douglas William Arnold, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2017 state conviction for indecent liberties with a minor under 15 years of age, for which he was sentenced to prison. Respondent has filed a Motion to Dismiss, to which Arnold has responded. Upon review of the record, I will grant the Respondent's Motion to Dismiss.

I.

On June 27, 2017, Arnold pled not guilty in Pittsylvania County Circuit Court to a single charge of indecent liberties with a minor under age 15. Arnold waived a jury, and the case was tried by the court. The Commonwealth presented the following evidence.

The victim, M.D., had a Facebook account in 2016, on which she posted photographs and interacted with her friends. Her account was set on "private," to limit contacts from strangers and prevent her private information from being shared. In July 2016, she received a message from a Douglas Arnold on Messenger[1] that said "Hey." She ignored the message because she did not know who he was. In September, she got another message from Douglas Arnold, asking her to send him some pictures. She ignored that message also. She received another message from Arnold in October, and a while after she decided to open the message and read it. Trial Tr. 34. This time, the message was a photograph of an erect penis. She showed the photograph to her mother, who contacted the Sheriff's Office. At the time of all communication from Arnold, M.D. was 12 years old.

Investigator Kelly Hendrix handled the case after the victim's mother filed a report in December 2016. Hendrix questioned Arnold, who admitted that he had sent the photograph. He advised Hendrix that he thought he was sending the photo to a different person, a woman in Gretna that he had been involved with in the past who had the same first name as M.D. Although he did not know or remember the lady's last name, he indicated that they had had a physical relationship and used to send each other text messages and photographs. From the picture on M.D.'s

---

[1] Messenger is an instant messaging application affiliated with Facebook. Facebook members can send a private message to other Facebook members, even if they are not "friends" on Facebook.

Facebook page, he thought that M.D. was the same person. The cover photo to which Arnold referred had a picture of a woman in the center, holding a diploma, with a young woman on one side of her and a younger person on the other side. He thought the person in the middle was his former lady-friend. He said he was unable to see anything else on M.D.'s Facebook page because it was set on a private setting. He did not know that M.D. was a child, and he would not have sent the picture to a child.

Hendrix identified a picture of M.D.'s cover page on Facebook, as well as pictures she printed from M.D.'s photo gallery sometime after the beginning of the year 2017. Hendrix was not a friend on M.D.'s Facebook account, and she printed everything that was visible to her on M.D.'s account. Other than the cover photo, all photos Hendrix had printed showed girls who were clearly pre-teens. R.[2] at 184–87.

At the conclusion of the Commonwealth's evidence, Arnold's attorney moved for acquittal on the grounds that the evidence did not show that Arnold knew that M.D. was a child under age 15. The court denied the motion, stating that the Commonwealth was not required to prove that Arnold knew the recipient was under age 15. Trial Tr. at 54. Arnold then testified, providing the same information that

---

[2] Citation to the Pittsylvania County Circuit Court Record in *Commonwealth v. Arnold*, No. CR17-000136, at the page numbers typed in the lower right corner of each page.

he gave the investigator when first questioned, although his testimony was sometimes equivocal. Counsel renewed the motion, this time arguing two grounds: Arnold's lack of knowledge about the girl's age and no lascivious intent. This time, the court ruled that the pictures introduced into evidence from Facebook clearly showed several pictures of a girl obviously under age 15, and he denied the motion to strike on all grounds. *Id.* at 69–70.

The Court of Appeals of Virginia denied Arnold's appeal. *Arnold v. Commonwealth*, No. 1468-17-3 (Va. Ct. App. Apr. 19, 2018). The Supreme Court of Virginia refused his further appeal. *Arnold v. Commonwealth*, No. 180809 (Va. Dec. 3, 2018). Arnold then filed a Petition for Habeas Corpus in the Supreme Court of Virginia, raising numerous issues, including four of the five issues raised in the current petition. The court dismissed the petition. *Arnold v. Clarke*, No. 1462592 (Va. July 22, 2021).

In his initial § 2254 petition in this court, Arnold raised the following claims:

1. Insufficient evidence to support the conviction; and

2. His actual innocence.

He timely amended his petition to add two more issues:

3. Ineffective assistance of counsel in (a) failing to object to the photos on M.D.'s Facebook page on the grounds that there was no evidence that they were publicly visible in October 2016, when he sent the explicit picture, and (b) failing even to try to locate the woman he thought he sent the pictures to; and

4. The prosecution's failure to turn over (and possibly destroying) the original copy of M.D.'s Facebook page, showing only the one picture of an adult with two younger girls, that the investigator had shown him when she questioned him, in violation of *Brady v. Maryland,* 373 U.S. 83 (1963).

Arnold submitted the following additional claim, mailed October 29, 2021, and received by this court on November 1, 2021:

5. Ineffective assistance of counsel in failing to argue that Arnold thought the Facebook account was inactive when he sent the picture.

II.

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts reviewing constitutional claims adjudicated on the merits in state court may grant relief on such a claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A federal district court reviewing a § 2254 petition is also limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state law grounds. The standard of review and these procedural doctrines promote the principles of finality, comity, and federalism, recognizing a state's

legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court. 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 732.

A separate but closely related issue is the doctrine of procedural default. If a state court has clearly and explicitly denied a petitioner's claim based on a state procedural rule that provides an independent and adequate ground for the state court's decision, that claim is procedurally defaulted for purposes of federal habeas review. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A state procedural rule is independent if it does not depend on a federal constitutional ruling, and it is adequate if it is firmly established and regularly applied by the state court. *Yeatts v. Angelone*, 166 F.3d 255, 263–64 (4th Cir. 1999). A claim that has not been presented to the highest state court and would be procedurally barred as untimely or successive

if the petitioner tried to present the issue to the state court now is considered simultaneously exhausted and defaulted. *Bassette v. Thompson*, 915 F.2d 932, 936–37 (4th Cir. 1990).

A federal habeas court will consider a procedurally defaulted claim only if the prisoner shows both cause for the default and actual prejudice from the claimed federal violation. *Coleman*, 501 U.S. at 750. Cause for procedural default requires the existence of some objective factor, external to the defense and not attributable to the prisoner. *Id.* at 756–57. To show prejudice to overcome procedural default, a petitioner must show that the claimed violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III.

I will now address each of Arnold's claims.

#### A. Sufficiency of the Evidence.

Arnold argues that the evidence was insufficient to support his conviction because he did not know that the account belonged to a child, he had no lascivious intent, and M.D. was not present when the picture was sent. Arnold properly exhausted this claim during the direct appeal of his conviction, but only on the issues of age and lascivious intent. This petition is the first time he has argued lack of presence. A petitioner must present to the state court the same operative facts and

the same controlling legal principles that he seeks to present to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). Because Arnold did not argue lack of presence as a legal basis for his sufficiency claim in state court, and it is too late to do so now, that legal argument has been procedurally defaulted.

I will first consider the two arguments that have been properly exhausted. Because the Supreme Court of Virginia did not issue an opinion when it denied Arnold's appeal, this court "looks through" the Supreme Court of Virginia's refusal of the appeal and reviews the last reasoned opinion addressing the issue, which in this case is the Court of Appeals. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Supreme Court has recognized that sufficiency of the evidence to support a conviction beyond a reasonable doubt is a constitutional claim. *Jackson v. Virginia*, 443 U.S. 307, 322 (1979). A federal habeas court can grant relief on such a claim only if the evidence at trial, in the light most favorable to the prosecution, is such that no rational trier of fact could have found guilt beyond a reasonable doubt. *Id.* at 319, 324. The state court standard is the same: The court considers "the evidence in the light most favorable to the Commonwealth," the prevailing party below, and reverses the judgment of the trial court only "when its decision is plainly wrong or without evidence to support it." *Farhoumand v. Commonwealth*, 764 S.E.2d 95, 102 (Va. 2014).

Because the state court applied the correct standard of law, as set out by the Supreme Court in *Jackson*, the state court decision is not contrary to federal law. In finding the evidence sufficient to support the conviction, the court did not apply the law unreasonably, either. The state court accepted as true all evidence favorable to the Commonwealth, and all inferences reasonably drawn from that evidence, and disregarded evidence in conflict with the trial court's decision. In so doing, the court accepted the trial court's finding of facts. A federal court is also required to accept the state court's factual findings unless the petitioner overcomes the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A state court's factual determination is not unreasonable just because the federal habeas court or other courts might have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010).

The state court accepted Investigator Hendrix's testimony that the photos introduced into evidence were visible to her on M.D.'s Facebook page, even though Hendrix was not a Facebook friend, and was thus limited to seeing that which was publicly available. Because the pictures clearly show a girl younger than age 15, the state court reasonably concluded that Arnold knew or should have known that M.D. (the account holder) was a child.

Virginia courts have long identified four types of evidence that are sufficient to prove lascivious intent: (1) that the defendant was sexually aroused; (2) that the

defendant made gestures to himself or the child; (3) that the defendant made improper remarks to the child; or (4) that the defendant asked the child to do something wrong. *Viney v. Commonwealth*, 609 S.E.2d 26, 28 (Va. 2005). Proof of any one of them is sufficient to uphold a conviction under the statute. *Campbell v. Commonwealth*, 313 S.E.2d 402, 404 (Va. 1984). The court noted that the picture Arnold sent to M.D. was, by Arnold's own admission, Arnold's erect penis. By definition, an erection is indication of sexual arousal. The state court's factual conclusion from that picture alone is sufficient to support the finding of lascivious intent.

As previously indicated, Arnold's argument that the evidence failed to prove that his behavior occurred within the presence of M.D. has not been raised before and is defaulted. To overcome default, he must show cause for the default and actual prejudice caused by the constitutional violation alleged. Cause for procedural default requires the existence of some objective factor, external to the defense and not attributable to the petitioner. *Coleman*, 501 U.S. at 756–57. Arnold states that he was previously unaware that presence was an element of the offense. Ignorance of the law, however, is not sufficient cause to overcome procedural default, even for a prisoner without legal representation. *See United States v. Cowley*, 814 F.3d 691, 699 (4th Cir. 2016) (holding that ignorance of the law is not good cause for untimely petition filed under the Innocence Protection Act), and *United States v. Sosa*, 364

F.3d 507, 512 (4th Cir. 2004) (holding that lack of legal knowledge is not sufficient for equitable tolling of the habeas statute of limitations).

Further, Arnold cannot show prejudice from his earlier failure to raise this issue. "[T]he central principle concerning 'presence' . . . under Code § 18.2-370 requires exposure (1) in the actual presence and sight of others, *or (2) in such a place or under such circumstances that the exhibition is liable to be seen by others.*" *Hillman v. Commonwealth*, 811 S.E.2d 853, 859 (Va. Ct. App. 2018) (emphasis added) (internal quotation marks and citations omitted). When posting a photo in an online account that is not his own, Arnold exposed the photo under circumstances where it was liable to be seen by others, particularly the underage owner of the account to which it was sent.

Because the state court's determination of facts and application of law were not unreasonable, and because Arnold failed to show prejudice and cause for failing to raise the presence issue in state court, I will dismiss his claim that the evidence was insufficient to support his conviction.

### B. Actual Innocence.

Actual innocence is not itself a constitutional claim to be raised as grounds for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Rather, a claim of actual innocence, supported by credible new evidence, is a gateway through which a petitioner may pass to allow the federal court to consider an otherwise untimely or

defaulted constitutional claim. *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Credible new evidence of innocence must be sufficient to persuade the court that a conviction based on a trial with constitutional errors must be re-examined, unlike a conviction following an error-free trial. *Id.* To be reliable, the new evidence must be exculpatory scientific evidence, trustworthy eyewitness testimony, or critical physical evidence that was not presented at trial and that was not known or able to be known by the defense at the time of trial. *Id.* at 324.

Arnold has not offered new evidence in support of his claim of innocence. Rather, he continues to assert, as he did at trial, that he did not know he was sending the obscene picture to a child. He has not offered evidence that was not introduced at trial or was unknown at the time of trial. He testified that he did not recall seeing any other pictures on M.D.'s Facebook page and that those other pictures did not come up because of the privacy setting. The jury rejected his testimony and accepted Investigator Hendrix's testimony that the additional pictures of M.D. were visible even to a non-friend person accessing the account. Because he has not offered any new evidence to support a claim of actual innocence and because actual evidence alone is not grounds for federal relief, I will dismiss this claim.

### C. Ineffective Assistance of Counsel.

In his § 2254 petition, Arnold has alleged that counsel was ineffective in (1) failing to object to the Facebook photos on the grounds that there was no evidence

that the photos of M.D. were visible to the public in October 2016, when he sent the photograph of his genitals and (2) making no effort to locate the adult woman with the same first name that Arnold alleged he was previously involved with. When reviewing counsel's performance at trial, courts apply a highly deferential standard. A petitioner must show (1) that counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment *and* (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of federal habeas claims, review is "doubly deferential," because the deferential standard of review under *Strickland* overlaps with the deferential standard under 28 U.S.C. § 2254(d). *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011). I will apply these deferential standards in reviewing Arnold's ineffective assistance of counsel claims, both of which were denied by the state habeas court.

1. Objection to Photos.

During trial, defense counsel objected to the Facebook photos during M.D.'s testimony, stating that the prosecution had not established which of the photos were publicly available to view. The Commonwealth indicated that it was not introducing the photos at that time, even though M.D. had testified that they were the pictures on her Facebook page in October 2016 and were still on her Facebook page. M.D. also testified that her Facebook account was set on "private." Investigator Hendrix

then testified that she went on Facebook after the new year began to see what she could see on M.D.'s page. Hendrix was not a Facebook friend of M.D., so she would not be able to see anything restricted by the privacy setting. She printed out the pictures that were visible, and they were the ones M.D. identified as being from her account. The trial court admitted the photo exhibit without further objection.

The state habeas court held that Arnold established neither deficient performance nor prejudice. Whether to raise an objection is a tactical decision, as the state habeas court noted. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). As with all tactical decisions, a federal habeas court must presume that counsel's decisions and actions fell within the wide range of reasonable strategy decisions, without relying upon "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Because M.D. testified that the images on her account were the same at trial as in October 2016 and that the privacy settings had not changed, Hendrix's testimony that she could view those photographs in January 2017, even though not a Facebook friend of M.D., was sufficient for the jurors to infer that the photos were publicly viewable in October 2016. Any concerns about whether the pictures could be viewed in October were factual issues that counsel was free to argue to the jury but were not grounds for excluding the photos based upon the testimony. For that reason, counsel could reasonably have decided that objecting would be futile, as the state court noted. This is not deficient performance. Counsel is not required to make

futile objections or motions. *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010); *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005).

Because the objection would not have been well taken under the law, the objection would properly have been overruled. Accordingly, there is no prejudice to Arnold from counsel's failure to make a meritless objection. Because the state habeas court reasonably determined the facts and applied the law, I must dismiss this claim.

## 2. Locating Woman.

Arnold faults counsel for failing to locate the woman that Arnold thought he was communicating with on Facebook, yet he only knew the woman's first name. Arnold suggests that counsel might have been able to find her through Arnold's father who used to live in the same trailer park with the woman. Courts have held an attorney's performance to be deficient for failing to contact and interview crucial witnesses that had been fully identified by a defendant prior to trial. *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998). Arnold has not demonstrated that the woman can be found, nor has he proffered what facts the woman would have testified to if she were found, and that failure is fatal to his claim, as the state habeas court determined. A petitioner cannot establish ineffective assistance of counsel for failing to call a witness if he does not state what the witness would have testified to. *Bassette*, 915 F.2d at 940–41.

Even if we assume this woman would have confirmed a prior sexual relationship with Arnold and a prior pattern of sexting photos to one another some three years earlier, that evidence would not disprove that Arnold knew or should have known that the M.D. to which he sent the photo in October 2016 was a child. Arnold gave his explanation to the jury. The jury may well have believed that he had a relationship with a woman of the same name without believing that he had no idea that M.D. was an account used by a child. Accordingly, Arnold has failed to show prejudice from counsel's failure to find this mysterious woman, last name unknown.

Because the state court's determination of facts was not unreasonable, nor did the court unreasonably apply federal law, I will dismiss this claim.

### D. *Brady* Claim.

Arnold presented his *Brady* claim during his state habeas proceeding, but the state court held that the issue was procedurally defaulted because Arnold did not raise the issue at trial or on direct appeal. Under Virginia law, non-jurisdictional issues that could be raised at trial and on direct appeal are not cognizable in a state habeas petition. *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974). *Slayton* has long been recognized as an independent and adequate state ground for dismissal of a habeas claim. *Burket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000). Because the claim was procedurally defaulted in state court, a federal habeas court may consider

the issue only if Arnold shows cause for default and prejudice from violation of a constitutional right. He has shown neither.

Arnold has not offered a reason for failing to raise the issue previously. Further, if the copy of M.D.'s Facebook page with only the one photo of an adult graduate existed at the police station when Arnold was questioned, then Arnold knew of the page's existence long before trial and in plenty of time to request the page from the police before trial.

Further, Arnold cannot demonstrate prejudice, because he cannot establish a *Brady* violation when the Facebook cover page was reasonably available to him directly from the computer. *Hoke v. Netherland*, 92 F.3d 1350, 1355 (4th Cir. 1996) (holding that "where the exculpatory information is not only available to the defendant but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefit of the *Brady* doctrine") (citation omitted). Arnold could have printed a copy of the Facebook cover page himself after the police questioned him in December 2016 or January 2017, as he was not arrested until May 3, 2017, following the grand jury indictment in April 2017. Because there was no *Brady* violation, he cannot be prejudiced by his default, and I will not consider this defaulted claim.

E. Failure to Raise Inactive Account Argument.

Arnold did not raise this ineffective assistance of counsel claim in his state habeas proceedings, and any attempt to do so now would be procedurally dismissed as untimely and successive. Va. Code Ann. § 8.01-654(A)(2), (B)(2). Accordingly, this claim is simultaneously exhausted and defaulted. *Bassette*, 915 F.2d at 936–37.

Arnold alleges that counsel was ineffective for failing to argue that he thought the Facebook account was inactive when he sent the picture. His stated reason for raising the issue now is that he had just learned that some people cannot see your message request on Facebook unless they accept a message request from you. This explanation is not relevant as to whether Arnold thought the Facebook account was inactive and, therefore, is not cause for defaulting this claim.

Further, he is not prejudiced by his failure to raise this claim sooner. Arnold testified at trial that he thought his friend was mad at him for some reason when she did not respond to the first two messages that he sent her. Trial Tr. at 57. He never testified that he thought the account was inactive. Counsel is limited to arguing facts in evidence and the reasonable inferences from those facts, a "fundamental rule, known to every lawyer." *United States v. Wilson*, 135 F.3d 291, 298 (4th Cir. 1998) (internal quotation marks and citation omitted). To succeed on his claim, Arnold would have to establish that counsel's performance fell below "an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at

688. There is nothing unreasonable about counsel's failure to make an argument that was not supported by the evidence.

Because Arnold has failed to show cause and prejudice resulting from his procedural default of this issue, I will dismiss this claim.

IV.

For the reasons stated, I will grant the respondent's Motion to Dismiss.

I decline to issue a certificate of appealability because Arnold has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

A separate Final Order will be entered herewith.

DATED: September 9, 2022

/s/ JAMES P. JONES
Senior United States District Judge